# Harmon v. Burow, Appellant.

*Deeds—Building restrictions—Covenants running with the land —Dwelling house—Waiver.*

1. The erection of a duplex dwelling house does not violate a building restriction which limits the grantee to the erection of a single building, namely, "a detached dwelling house."

2. A provision and restriction that "no structure of any kind shall be erected or permitted upon said premises or any part thereof, unless the plans for the same shall have been first submitted to and approved" by the grantor, or his legal representative, is a covenant running with the land, is a lawful contract, and enures to the benefit of other lot owners in a plan of lots in accordance with which the deed was made.

3. In such a case the fact that the grantor made no serious attempt to prevent the erection of two other buildings in the plan of lots, without his approval, does not constitute a waiver on his part, or affect the rights of other lot owners, if it appears that such acts did not materially interfere with the general purpose of the plan, or injuriously affect the value of other lots, particularly where the grantee made his contract after these acts had been performed.

Argued Oct. 16, 1918. Appeal, No. 58, Oct. T., 1918, by defendant, from decree of C. P. Allegheny Co., April

T., 1917, No. 394, on bill in equity in case of William· E. Harmon et al. v. Wilhelm Burow.  Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Bill in equity for an injunction to restrain the erection of a building.  Before CARNAHAN, J.

*Error assigned* was decree awarding injunction.

*John E. Winner,* with him *John D. Brown,* for appellant.

*H. F. Stambaugh,* with him *Mark R. Craig* and *Watson & Freeman,* for appellees.

PER CURIAM, January 4, 1919:

William E. Harmon, one·of the plaintiffs below, was the owner of a certain tract of land, situated partly in the Borough of Swissvale and partly in the City of Pittsburgh, and laid the same out in building lots, in accordance with a plan, which was duly recorded.  It was known as "Regent Square," and showed numerous streets and alleys and about three hundred building lots.  By deed dated October 16, 1916, Harmon conveyed one of these lots to Wilhelm Burow, the appellant, a restriction in it being: "No structure of any kind shall be erected or permitted upon said premises or any part thereof, unless the plans for the same shall have been first submitted to and approved by.William E. Harmon, one of the said parties of the first part, or his legal representatives.  All the restrictions and covenants in this instrument contained shall continue in force until the first day of January, 1925, and no longer."  Burow entered into a contract for the erection of a dwelling house, the plans for which, having been submitted to E. G. Burke, the legal representative of William E. Harmon, were disapproved by him.  But, notwithstand-

ing this, Burow proceeded to excavate for his proposed building and announced his purpose to erect it in accordance with the disapproved plans unless duly restrained and enjoined from so doing. Thereupon this bill was filed and the injunction prayed for was issued. The decree awarding it is affirmed, at appellant's costs, on the following legal conclusions of the learned court below: "First. The erection of a duplex dwelling house would not be a violation of the restriction and covenant which limit the defendant to the erection of a single building, namely, 'a detached dwelling house.' Second. The provision and restriction that 'no structure of any kind shall be erected or permitted upon said premises or any part thereof, unless the plans for the same shall have been first submitted to and approved by William E. Harmon, one of the said parties of the first part, or his legal representatives,' is a covenant which runs with the land. It is a contract made by the parties, their heirs, executors, administrators and assigns, and its evident purpose is to add to the desirability and value of the lots in the plan and protect all the purchasers of said lots. Third. The refusal of the plaintiff, Harmon, acting through his representative, Burke, to approve the defendant's plan, was not a capricious act, nor, in fact, an unreasonable one in view of the circumstances and the evident purpose of the restrictive covenant. The defendant was not deceived in any manner when he made his contract; and having made it, he is bound by it. The question of reasonableness in the exercise of the right to approve or disapprove is not involved. Fourth. The contract not to erect any structure without the approval of the grantor, was a lawful contract and inures to the benefit of other lot owners in the plan, including the plaintiffs. Fifth. The fact that the plaintiff, Harmon, permitted the erection of two other buildings in the plan, the plans of which had not been approved by him, does not constitute a waiver on his part or affect the rights of the other plaintiffs, be-

cause it does not appear that these acts materially or to any appreciable degree interfered with the general purpose of the plan and restrictions, nor did the buildings injuriously affect the value of plaintiffs' lots; and, further, because the defendant made his contract after these acts had been performed. It is not strictly correct to say that permission was given to so build. The most that can be said is that the plaintiff, Harmon, made no serious attempt to prevent the erection of these buildings; and the findings of fact so show."

Decree affirmed.