The Haig Corporation, Appellant, *v.* Thomas S. Gassner Co., Inc.

Argued October 7, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*W. Albert Sanders,* with him *J. Russell Breitinger,* for appellant.

*Frederick A. Van Denbergh, Jr.,* with him *Walter Biddle Saul* and *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY HIRT, J., January 14, 1949:

In this action in equity it was sought to enjoin the defendant from maintaining a gate across an alley, over which plaintiff has an easement of passage. There is no dispute as to the facts. Land fronting on the north line of Wayne Avenue east of Aspey Street in Philadelphia, originally in a common owner, was subdivided into five lots. Plaintiff now owns the middle lot. The two lots to the west, and the two lots to the east, of plaintiff's land are owned by the defendant. Before conveying any of the lots, the then owner laid out an alley about eleven feet wide running northwardly from Wayne Avenue along the west line of the tract. The alley on land now owned by defendant connects at right angles with an east and west passageway three feet wide, along the rear of the lots. By virtue of mesne conveyances upon which the titles of the parties depend, plaintiff by a specific grant of an easement has the "free and common use" of the passageway along the rear of the lots and of the alley. Defendant's land was made the servient tenement, im-

pressed with an easement of passage over the alley in favor of the owners of all of the lots.

Defendant is a manufacturer of hospital furniture and other steel products. Its main plant extends eastwardly from Aspey Street to the west line of the alley. Its ell shaped factory building also abuts the three-foot passageway for its full length. The building on the lot immediately west of plaintiff's land is defendant's office and showroom. On the lot to the east of plaintiff's land defendant maintains a warehouse. Thus plaintiff's land is surrounded on three sides by various buildings of the defendant, used by it in the conduct of its business.

The alley and passageway provide easy access to the various units of defendant's plant. To protect its various properties from fire, as well as from theft or nuisance committed by trespassers, defendant in 1931 (ten years before plaintiff acquired title to its lot) erected a wooden gate across the Wayne Avenue entrance to the alley. The following year the wooden gate was replaced by a metal gate equipped with a padlock. The alley is used by defendant for the hauling of materials and products to and from its plant. When not in use, the gate is closed but it is locked only from 5:30 p.m. to 8:00 a.m. daily and over week-ends when the plant is not in operation. The chancellor found, on undisputed testimony, that defendant has offered to furnish plaintiff and its tenants and other authorized persons with keys to the lock. The lower court in its final order decreed that the bill be dismissed on defendant's tender of a key to plaintiff's counsel. The decree will be affirmed.

Although the present plaintiff undoubtedly has the right to the uninterrupted enjoyment of the easement, yet since 1931 neither this plaintiff nor its predecessors in title have ever used or attempted to use the alley and there is nothing in the testimony indicating that the plaintiff has any present use for it. We therefore well might affirm the decree on the findings of the lower court

to that effect. Since plaintiff's deed and all mesne conveyances contain the grant of an easement, plaintiff's rights to enjoyment of it cannot be lost by nonuser. *Lindeman v. Lindsey,* 69 Pa. 93. But plaintiff has not shown any injury. In a proceeding for injunctive relief in equity "It is not enough that it is alleged in the bill that special injury will result. The restraining arm of the court will be extended only as it is made to appear to the satisfaction of the chancellor that special injury, substantial and irreparable, is being attempted": *Mint Realty Co. v. Wanamaker,* 231 Pa. 277, 79 A. 514. The function of an equitable proceeding for an injunction is not to declare rights, but to right wrongs and ". . . acts which, though irregular and unauthorized, can have no injurious result, constitute no ground for the relief": *Gillespie v. American Z. & C. Co.,* 247 Pa. 222, 228, 93 A. 272.

But in any view, appellant has no reason to complain. The swinging gate across this private alley, dividing it from the public street, does not amount to a legal obstruction of plaintiff's right to the reasonable enjoyment of its easement. This language from *Nickels v. Cornet Band, (No. 1),* 52 Pa. Superior Ct. 145, 151, is applicable equally to the present case: "Because the alleyway is subject to the free and unobstructed use by the owners or tenants of the . . . lots, the law does not, under all circumstances, require that it should be absolutely thrown open to be used by everybody and thus probably become a place which could easily be converted into a nuisance to all concerned. If for the protection of their common rights, one or more of the parties should erect across the opening a swinging gate that would permit the free entrance or exit of vehicles and that would be so constructed as to be easily operated, we are not prepared to say that such a gate would be an obstruction to the legal right of any one of the lot owners: Helwig v. Miller, 47 Pa. Superior Ct. 171". In the *Helwig* case it was held that where land is subject to the easement

of a private right of way, the owner of such land may erect a proper swinging gate at the public road for the protection of his property. Gates or moveable bars, if not an unreasonable obstruction to the use of the alley-way, are not an unlawful abridgment of the right of passage under easement: *Connery v. Brooke,* 73 Pa. 80, 84; *Ziegler v. Hoffman,* 78 Pa. Superior Ct. 115.

A gate without the means of locking it at the street line in this section of Philadelphia would afford little protection to the property either of defendant or of the plaintiff against the acts of malicious or mischievious trespassers. The chancellor, again on testimony which is not denied, has found: "Defendant has offered to furnish plaintiff, plaintiff's tenants, and at least one prospective purchaser of plaintiff's property with a key to the lock and is willing to give keys to any proper persons authorized by the plaintiff to receive them". The gate when locked would not unreasonably interfere with plaintiff's rights, at any time or in any respect, if keys to the lock are made available to plaintiff for its use and use of its tenants and servants. The locked gate is necessary for the reasonable protection of defendant's business properties and it also serves to protect the property owned by the plaintiff. In *Grant v. Kustas,* 224 App. Div. 762, 230 N. Y. S. 215, under similar facts, it was held that a locked gate for the protection of the defendant's property, to which the plaintiff was given a key, was not an unreasonable restriction of the plaintiff's right of way.

*Taylor et al. v. Heffner,* 359 Pa. 157, 58 A. 2d 450, is distinguishable from the case at bar in that the gate across a road over which the plaintiffs in that case had an easement of passage was kept locked; and the defendants' contention in that case that a key had been given to plaintiffs' predecessors in title was deemed immaterial by the Supreme Court "in view of the complete denial of any rights in the [plaintiffs] as regards the use of the road in question." *Weiss and Maen v. Green-*

*berg,* 101 Pa. Superior Ct. 24, relied upon by plaintiff is not in point, since that case involved an actual obstruction of a right of way by building a garage thereon.

Under the circumstances of this case, the locked gate is not an unreasonable interference with plaintiff's right to the use of the alley in question.

Decree affirmed at appellant's costs.