Plymouth Woods Corporation, Appellant,
*v.* Maxwell.

Argued April 19, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Robert W. Beatty,* with him *Butler, Beatty, Greer & Johnson,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 24, 1962:

The defendants in this case, Homer C. and Bette A. Maxwell, placed a *For Sale* sign on their property in Rosemont, Delaware County. Their predecessor in title, the Plymouth Woods Corporation, has asked the Court of Common Pleas of Delaware County to enjoin the exhibition of such a sign. At first blush this might seem to be a high-handed demand since the owners of property have the right to advertise the sale of their property as they see fit.

Plymouth, however, seeks an injunction to prohibit the sign planting because of a provision in the agreement of sale between Plymouth and the Maxwells executed prior to the actual sale. The provision in question read: "Buyer shall not place any sign, fence, or other structure upon the premises without first obtaining the written consent of Seller. Seller is hereby irrevocably authorized and empowered by Buyer to enter upon said premises before or after settlement and, with or without any process of law, forthwith remove any signs, fences, or other structure placed upon the said premises without Seller's written consent. This provision shall survive settlement hereunder and, at Seller's option may be included as a restriction in Buyer's deed."

The settlement occurred on November 6, 1959, but while the deed conveying the property did not include the quoted covenant, this omission would not cancel out the restriction since the agreement specifically stated that the pertinent provision would survive the settlement. (*Dick v. McWilliams,* 291 Pa. 165.)

In December, 1960, the interdicted sign appeared on the lawn of the Maxwell property. Plymouth ordered the Maxwells to remove it and when they refused, it filed a complaint in equity asking for an injunction. The defendants filed preliminary objections, averring, inter alia, that the complaint failed to state a cause of action. The court below sustained the objections and dismissed the complaint. The plaintiff appealed.

In dismissing the complaint, the Court below said: "The restriction as to signs, fences and other structures not being placed on the premises without first obtaining the written consent of the Seller is exceptionally broad and it contains no standard by which the consent of plaintiff is to be granted or withheld. Plaintiff is the sole judge of whether any improvement may be made to the property after its purchase. The lack of any reasonable or practical standard leaves the property owner without any redress or appeal in the event of denial of consent. The property owner is helpless under the strict terms of the restriction."

In *Harmon v. Burow*, 263 Pa. 188, we held that such restrictions, even though subject to no standard spelling out of reasonableness are not per se to be declared void and unenforcible: "The provision and restriction that 'no structure of any kind shall be erected or permitted upon said premises or any part thereof, unless the plans for the same shall have been first submitted to and approved by William E. Harmon, one of the said parties of the first part, or his legal representatives,' is a covenant which runs with the land. It is a contract made by the parties, their heirs, executors, administrators and assigns, and its evident purpose is to add the desirability and value of the lots in the plan and protect all the purchasers of said lots."

The general rule is stated in 19 A.L.R. 2d 1274, 1287 and 1288 as follows: "As a general rule, where restrictions concerning the placing or use of buildings on lots

in a platted tract provide for the consent of other lot owners to a departure from the restrictions, *or require their consent to plans or other details of buildings,* one lot owner may enforce the restrictions as against another." (Emphasis supplied)

However, it is to be noted that while a restriction may not be invalidated because it specifies no standard whereby the reasonableness of the withholding of consent can be judged, it does not follow that the enforcement of this type of restriction in equity is a matter of right if the plaintiff attempts to enforce the covenant in a manner which results in more injury to the defendants than benefit to the plaintiff. In *Moyerman v. Glanzberg,* 391 Pa. 387, we said: " ' "An injunction is not of right and the chancellor is not bound to make a decree which will do far more mischief and work greater injury than the loss he is asked to redress." "A suitor must not only appear in a court of equity with clean hands, but he must come with reasonable promptness, in good faith, and with a just and equitable demand . . . If an injunction is prayed for where upon a consideration of the whole case it ought not in good conscience to issue, a mere legal right in the plaintiff will not move the chancellor" . . . ' "

In the present case the court below said: "The harm in issuing an injunction would far outweigh any possible harm or damage to the plaintiff by the refusal to issue it."

The plaintiff contends that there would be no real injury done the defendants by the granting of the injunction but that the plaintiff would be greatly injured by its refusal. The plaintiff points out that the owners are not restricted in disposing of the property since they may list it for sale with any real estate broker or multiple listing service, but that by using signs, "A rush of 'For Sale' signs implies that something is wrong with the homes or the area."

While it is true that the defendants are not denied other media for advertising the sale of their property, an enforcement of the covenant would deprive them of the very important valuable right to effectuate a sale without intervention of an agent. A "For Sale" sign on the property proclaims the owner's intention and readiness to engage in immediate disposition of the property. The inability, therefore, to exhibit the controverted signs works a real curtailment in the defendants' property rights.

Before such a curtailment may be sanctioned and enforced in a court of equity, the plaintiff must show that the benefits accruing to it outdistance the serious injury obviously suffered by the defendants. The plaintiff does not assert any such benefits. Aside from its mere general conclusion in the complaint that "The sales of other homes by plaintiff in said development are adversely affected by defendants' acts," it has failed to allege how or in what manner it would be adversely affected by the exhibition of the *For Sale* sign.

The plaintiff in no way shows how it will suffer any real or substantial damage because of the sign on the defendants' property. The "rush of 'For Sale' signs," mentioned in the brief is only a remote possibility at this stage of the proceedings and thus insufficient to support an injunction. In addition, the hypothesis that "a rush of 'For Sale' signs implies that something is wrong with the home or the area" is entirely too vague and speculative to invoke the drastic remedy asked for.

The Superior Court well said in *Haig Corp. v. Thomas S. Gassner Co.*, 163 Pa. Superior Ct. 611: "Since plaintiff's deed and all mesne conveyances contain the grant of an easement, plaintiff's rights to enjoyment of it cannot be lost by nonuser . . . But plaintiff has not shown any injury. In a proceeding for injunctive relief in equity 'It is not enough that it is alleged in the bill that special injury will result. The restrain-

ing arm of the court will be extended only as it is made to appear to the satisfaction of the chancellor that special injury, substantial and irreparable, is being attempted.' Mint Realty Co. v. Wanamaker, 231 Pa. 277, 79 A. 514.

"The function of an equitable proceeding for an injunction is not to declare rights, but to right wrongs and '. . . acts which, though irregular and unauthorized, can have no injurious result, constitute no ground for the relief': Gillespie v. American Z. & C. Co., 247 Pa. 222, 228, 93 A. 272."

Order affirmed; each party to bear own costs.

Mr. Justice EAGEN concurs in the result.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

I would reverse. This appeal is from the lower court's action in sustaining a demurrer to the complaint. The complaint does state a good cause of action and should not be dismissed because, after hearing, we might determine "The harm in issuing an injunction would far outweigh any possible harm or damage to the plaintiff by the refusal to issue it." Such a conclusion can only be made after a hearing on the facts which, by our action, we deny to the plaintiff.

Mr. Justice BENJAMIN R. JONES joins in this dissenting opinion.