Media Borough, Appellant, *v.* Edgmont Golf Club, Inc.

Argued January 14, 1972. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*D. Barry Gibbons,* with him *Gibbons, Buckley & Smith,* for appellant.

*Francis T. Sbandi,* with him *Joseph T. LaBrum, Jr.,* and *Fronefield, deFuria and Petrikin,* for appellee.

Opinion by Mr. Justice O'Brien, March 20, 1972:

Appellant, The Borough of Media, a municipality located in Delaware County, owns and operates the Media Water Company. Appellee, Edgmont Golf Club, Inc., is a business corporation which owns and operates a private golf course, consisting of some two hundred acres in Edgmont Township, also in Delaware County. Both the Borough and the Golf Club use the waters of Ridley Creek, which passes through the golf

course on the way to the Water Company's facilities. On April 17, 1931, the Borough entered into an agreement with C. Paul Denckla, the Golf Club's predecessor in title, which agreement, after stating that the Borough had passed an ordinance providing for the condemnation of Ridley Creek, provided in lieu of condemnation for the transfer by Denckla of "all of his right, title, interest, claim and demand in and to the waters of the said Ridley Creek" to the Borough. However, the agreement expressly reserved for Denckla, his heirs and assigns, "the right to use [the water] for household, domestic and farm purposes."

After the Golf Club acquired the property, it began to use large quantities of water from Ridley Creek for the purpose of watering the fairways and greens of the golf course. The water leaves the creek by means of an intake manhole in the creek and then flows by gravity through a pipeline to a lake on the golf course. From this lake, the Golf Club pumps water to the sprinkler system, which waters the golf course.

The Borough, alleging that the Golf Club's use of the waters of Ridley Creek was in violation of its agreement with Denckla, and in addition "greatly impaired the operation of the Borough's water plant, endangering the health, safety and welfare of the water consumers in the area served by [the Borough]" went into equity seeking to enjoin the Golf Club from "using the waters of Ridley Creek to operate, maintain or provide water for its golf course."

The issues were tried by the court on September 17, 1969, and a decree was immediately entered dismissing the complaint of the Borough. After the filing of exceptions by appellant and argument thereon, an adjudication, findings of fact, discussion, conclusions of law, and decree nisi were filed on May 5, 1971. After stipulation of counsel, a final decree dismissing the

Borough's complaint was filed on May 27, 1971. This appeal followed.

The Borough claims that the Golf Club's use of the water was restricted by the 1931 agreement to "household, domestic and farm purposes" and that use of the water to irrigate a golf course was in violation of those restrictions. The chancellor, relying upon *Messinger's Appeal,* 109 Pa. 285, 4 A. 162 (1885), for the proposition that the Golf Club, as an upper riparian owner, had the right to use the water of Ridley Creek for purposes of irrigation of farmland, concluded that the Golf Club had the analogous right to use the water to irrigate its golf course. However, the Golf Club no longer has the rights of an upper riparian owner. Rather, by the terms of the 1931 agreement, the Golf Club's predecessor in title conveyed to the Borough the very riparian rights recognized in *Messinger's Appeal.*

However, the Borough failed to prove that any detriment resulted from the Golf Club's use. The chancellor found, as fact, that although the Golf Club used approximately 13,680,000 gallons of water from Ridley Creek a year, streams from the golf course supply approximately 24,000,000 gallons of water a year to Ridley Creek, an annual net increase of 10,321,000 gallons of water. One witness testified that the golf course is actually an aid in the conservation of water as part of the Ridley Creek watershed.

Moreover, the Pennsylvania Water and Power Resources Board, apparently in an attempt to protect the Borough's interest, has restricted the Golf Club's right to withdraw water from Ridley Creek to only that water in excess of a daily creek flow of 3,000,000 gallons. Since 1968, there has been no notice that the flow in Ridley Creek has ever been less than 3,000,000 gallons per day. In addition, by the terms of the Water and Power Resources Board's permit, the Golf Club agreed

"not to divert any water from Ridley Creek during the time that the Borough of Media shall officially impose restrictions on the use of water for lawns and/or golf courses." There is no evidence that the Borough has ever imposed such restrictions, let alone evidence that the Golf Club would refuse to adhere to such restrictions if imposed.

Since the Borough, although it may have shown that the Golf Club's use of the water was a violation of restrictions in the 1931 agreement of conveyance, has not shown that it has suffered any injury whatsoever from this unauthorized use, it has not shown that it is entitled to equitable relief. ". . . [A]cts which, though irregular and unauthorized, can have no injurious result, constitute no ground for relief." *Kajowski v. Null,* 405 Pa. 589, 596, 177 A. 2d 101 (1962), *Gillespie v. American Z. & C. Co.,* 247 Pa. 222, 228, 93 A. 272 (1915), *The Haig Corp. v. Thomas S. Gassner Co.,* 163 Pa. Superior Ct. 611, 614, 63 A. 2d 433 (1949).

Decree affirmed. Each party to pay own costs.

Mr. Justice EAGEN dissents.