MARTHA MORRISON ET AL. *v.* ROGER BRASHEAR
T/A BRASHEAR COAL MINES ET AL.

[No. 639, September Term, 1977.]

*Decided February 14, 1978.*

694

[redacted]

The cause was argued before MOORE, MELVIN and MacDANIEL, JJ.

*Herbert D. Morrison* for appellants.

*Michael W. Shay*, with whom was *Jack I. Mullen* on the brief, for appellees Roger Brashear and D & L Coal Company. *Horace P. Whitworth, Jr.*, for other appellee.

MELVIN, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Allegany County (Getty, J.) sustaining without leave to amend the demurrer of Roger Brashear, t/a Brashear Coal Mines, *et al.* (appellees), to the amended declaration of Martha Morrison, *et al.* (appellants). Because we think Judge Getty's opinion fully and ably demonstrates the correctness of his ruling, we shall, with minor additions, adopt his opinion as the opinion of this Court. Judge Getty's opinion is as follows:

"Without going into the entire history of ownership of the property that is the subject matter of this suit, for the purpose of this litigation it is sufficient to state that by deed dated April 20, 1887, Carrie W. Morrison became the owner of a tract of land in Allegany County known as 'Mineral Hills'. On May 18, 1909, Carrie W. Morrison deeded to Mary Jane McDonald fifty-five acres of the surface of a portion of Mineral Hills expressly 'reserving and excepting out of this conveyance all the coal and other minerals lying and being in, upon and under said lot or parcel of land'.

On April 6, 1910, Carrie W. Morrison executed a mortgage to one Summerfield Hendrickson on an obligation of $3,800.00. The property involved was

that portion of Mineral Hills conveyed to Carrie W. Morrison by the deed of April 20, 1887. The mortgage contains the following exception: 'reserving from the operation of this mortgage of that part of "Mineral Hills" conveyed to the mortgagor by the deed aforesaid, the following tracts and parcels of land . . . Tract of land conveyed by and described in a deed from Carrie W. Morrison to Mary Jane McDonald deed bearing date May 18, 1909, and recorded in Liber 104, folio 538 of said Land Records'.

The mortgage became in default and, in No. 10,938 Equity, the property was sold on July 9, 1927, by the assignees of the mortgage to the Campbell Coal Company, one of the defendants herein. Martha Morrison and the other plaintiffs contend that the minerals reserved under the deed to Mary Jane McDonald were excluded from the mortgage and, therefore, did not pass to the purchasers under the foreclosure sale. On this reasoning they claim damages from the defendants for the wrongful extraction of coal from that portion of Mineral Hills deeded to Mary Jane McDonald with the reservation of minerals. Both defendants have demurred on the basis that the bill of complaint establishes that the plaintiffs have no title to the property in dispute, the same having passed under the sheriff's sale to the purchaser at foreclosure.

Plaintiffs cite *Union Trust Co. of Pittsburgh v. Bellman,* 150 Atl. 632, and *Kincaid v. McGowan,* 4 S.W. 802, in support of their position that the reservation in the McDonald deed excluded the minerals from the Hendrickson mortgage. The first case cited is clearly distinguishable from the present controversy. In the case cited by the plaintiffs Kensington Brick executed a mortgage expressly reserving the coal under a portion of the land unto a Plummer family with the right to remove the coal with the consent of Kensington Brick. After default

the purchaser at the foreclosure sale brought suit alleging wrongful removal of the coal by Plummer. The court held that the reservation constituted a severance of the coal from the surface creating a separate estate that did not pass under the mortgage nor by sheriff's sale. In *Bellman* the minerals were expressly reserved unto named individuals, thus the intention to exclude them from the mortgage is clear. Under the present case the reservation in the mortgage is of the property 'conveyed by and described in a deed from Carrie W. Morrison to Mary Jane McDonald' which was of the surface only.

Plaintiffs argue that if the minerals under the McDonald tract were to be included in the mortgage, Mrs. Morrison could have expressly so stated. A similar contrary argument can be made that if the minerals under the McDonald tract were to be excepted from the mortgage Mrs. Morrison could have expressly so indicated. The intention of the parties must be gleaned from the instrument as a whole, i.e., the language employed, subject matter and surrounding circumstances. *Weiprecht v. Gill,* 191 Md. 478.

*Kincaid,* supra, is supportive of the position of the original grantor, Carrie W. Morrison. In that case, decided by the Kentucky court in 1887, the grantor conveyed surface and retained minerals to part of a tract of land. In a later deed he conveyed the remainder of the 22,000 acre survey expressly deducting the parcel previously conveyed. The court held that the interest retained in the first deed was a separate and distinct interest in a conveyance described by metes and bounds which rendered it a distinct interest from the remainder of the survey. Only by the use of apt words could the subsequent conveyance be construed to include this separate estate, the court concluded.

A contrary result was reached in *Holloway's Heirs v. Whatley,* 131 S.W.2d, 89, 1939 Texas. In that case

the grantor conveyed three tracts known as the Moses Donohue League reserving one-half of the minerals. Three years later he conveyed all his interest in the Elizabeth Munson League. The specific description was followed by a general statement that the grantor intended to convey his interest in all land owned by him in Liberty County, Texas. Both parcels were within the county and the court held that the latter deed included the minerals reserved in the former deed. The court reasoned that it was more logical to conclude that if the minerals in the first deed were not to be included in the subsequent conveyance, the grantor should have used words excepting them as he had done when the first conveyance was made.

The mortgage in the present case conveys 'all that tract and parcel of land lying in Allegany County ... being part of "Mineral Hills" which was conveyed by and described in a deed from James Morrison and others to Carrie W. Morrison, said deed bearing the date the 20th day of April, 1887, recorded in Liber 63, folio 548 ... reserving from the operation of this mortgage of that part of Mineral Hills conveyed to the mortgagor by said deed the following tracts and parcels of land ... tract of land conveyed by and described in a deed from Carrie W. Morrison to Mary Jane McDonald', etc. That land described in the exception was surface only and, therefore, the only property not intended to be included was the surface.

The mortgage covered all of Mineral Hills owned by Carrie W. Morrison. It is described in the Morrison to McDonald deed as being 'part of Mineral Hills', but the reason for the use of the words is dictated because of two out conveyances from Mineral Hills before Carrie W. Morrison became owner. One of these out conveyances was Military Lot No. 3748 and the other was a prior sale of twenty-eight acres. These conveyances are fully set

forth in the deed of April, 1887, wherein Carrie W. Morrison became possessed of Mineral Hills.

The public notice of sale published at the time of foreclosure indicates that the exceptions relate only to those portions of Mineral Hills as were conveyed to others by Carrie W. Morrison. Had Mrs. Morrison intended to exempt from the mortgage the minerals under the McDonald tract she could have done so by the use of appropriate language. The rule that deeds should be construed against the grantor and in favor of the grantee applies with respect to the construction of an exception in a deed only when the words used are susceptible of more than one construction. *Carroll's Lessee v. Granite Mfg. Co.,* 11 Md. 399. *Hodges v. Owings,* 178 Md. 300. *Forests and Parks v. Georges Creek Co.,* 250 Md. 125. In this case it seems reasonably clear to the court that the mortgage was intended by all parties to include whatever Carrie Morrison owned in Mineral Hills."

We add that Judge Getty's ruling is also supported by former Md. Ann. Code, Art. 21, § 12 (1904), in effect at the time of the mortgage from Morrison to Hendrickson. That section [now appearing in substantially the same form in Md. Ann. Code, Real Prop. Art., § 2-101 (1974)] provided as follows:

"The word 'grant', the phrase 'bargain and sell,' in a deed, or any other words purporting to transfer the whole estate of the grantor shall be construed to pass to the grantee the whole interest and estate of the grantor in the lands therein mentioned, unless there be limitations or reservations showing, by implication or otherwise, a different intent."

In the instant case, Carrie Morrison did "bargain, sell, give, grant, convey, release and confirm" unto Summerfield Hendrickson, all that part of "Mineral Hills" which was conveyed to her by deed dated April 20, 1887, but reserving from the operation of the mortgage "the following tracts and parcels of land ... Tract of land *conveyed by* and described

in a deed from Carrie W. Morrison to Mary Jane McDonald deed bearing date May 18, 1909 . . . ." (Emphasis Added). By virtue of the then Article 21, § 12, the mortgage transferred to Hendrickson the whole estate of Morrison in that part of "Mineral Hills" which she received by deed dated April 20, 1887 less that which she *conveyed* to McDonald by deed dated May 18, 1909.[1] The only interest which Morrison actually conveyed to McDonald by deed dated May 18, 1909 was the surface interest in a certain tract which was originally part of "Mineral Hills". Thus the mortgage transferred to Hendrickson all of Morrison's interest in "Mineral Hill" less the surface interest in the tract which Morrison had previously conveyed to McDonald.[2] The mortgage, then, clearly included the mineral interest in "Mineral Hills" that Morrison still owned and that had been conveyed to her by the April 20, 1887 deed.

Although, as the trial judge noted in his opinion, *Kincaid v. McGowan,* 4 S. W. 802 (Ky. 1887) would dictate a contrary result, we decline to follow the view expressed in that opinion.

*Judgment affirmed; costs to be paid by appellants.*

---

1. The mortgage also reserved from its operation another tract which Morrison had previously conveyed to one John S. Athey, Jr. and a right of way which Morrison had previously conveyed to the Roads Director of Allegany County. The effect of these reservations is not an issue in this appeal.

2. Less also, of course, the other tract of land and right of way which also were reserved from the operation of the mortgage. *See* note 1, *supra.*