## Indian Mountain Lake Development Corporation v. Davidson

*William H. Robinson, Jr.*, of *Hiscott and Robinson*, for plaintiff.
*George T. McKinley*, for defendants.

LAVELLE, *P. J.*, November 29, 1978—Defendant's preliminary objections to plaintiff's complaint in equity raise the question of the enforceability of a restrictive covenant in a deed reserving to the grantor the right to approve the location, design, elevation and plan of any building or structure to be erected upon the conveyed premises and further limiting the height of any building erected thereon to one and a half stories.

## HISTORY OF THE CASE

The identical issue was previously before this court in an action brought against the above-captioned defendants by the Indian Mountain Lake Civic Association, Inc. (no. 7, June term, 1977, in equity). In an opinion and order filed May 25, 1978, we sustained defendants' preliminary objections in that case and dismissed the action for the reason that plaintiff lacked standing to enforce the covenant and was not the real party in interest pursuant to Pa.R.C.P. 2002(a). We found that plaintiff association owned no land or other facilities in the development to which the covenant might attach and we further found that no express assignment of the benefits of the covenant had been executed in favor of the Civic Association. The within action is brought by the developer of Indian Mountain Lakes, the original grantor, and therefore there is no question as to plaintiff's standing. Briefs have been filed, the matter has been orally argued, and the case is now ripe for disposition.

## DISCUSSION

On a demurrer, of course, all well pleaded facts in plaintiff's pleading and all inferences fairly deducible from such facts are deemed, for the purposes of the demurrer only, to be admitted: Adams v. Speckman, 385 Pa. 308, 122 A. 2d 685 (1956). These facts, briefly stated, are as follows:

On October 9, 1975, individual defendant purchased from plaintiff a lot, namely lot 121, in section L of plaintiff's development at Indian Mountain Lakes in Penn Forest Township, Carbon County, Pa., which deed is recorded in deed book volume 362 at page 591. As is customary with such subdivisions, defendants' deed contained a number of restrictions affecting the use of their property, two of which restrictions are involved in this proceeding. Restriction no. 9 reserved to the developer the right of prior approval of building plans in the following language:

"No building or structure, including water system and sewage disposal system shall be erected upon the premises hereby conveyed without first obtaining the approval, in writing, of the Seller, as to location, elevation, plan and design. The Seller shall approve or disapprove the said location, elevation, plan and design within 15 days after the same have been submitted."

Restriction no. 1 limits such buildings to one detached single-family dwelling of one and one-half stories in height or less and a private garage for not more than two cars:

"The premises hereby conveyed shall be used for residential purposes only. No building shall be erected, altered, placed or permitted to remain on the premises hereby to be conveyed other than one

detached single-family dwelling, not to exceed one and one-half stories in height, and a private garage for not more than two cars. The residential building, exclusive of garage, shall have a minimum floor space of 528 feet."

On a date not clear from the record, but prior to August 12, 1977, the date alleged by plaintiff as being its first knowledge of defendants' action, defendants apparently commenced construction of a dwelling on the subject premises. This, plaintiff alleges, violated the provisions of both covenants, in that said building was commenced without submitting plans to the developer for its approval and further exceeded the maximum height in stories permitted by restriction no. 1. The dwelling apparently was built by defendant Pleasant Valley Builders. Plaintiff made demand upon individual defendants and corporate defendant to cease and desist from further construction activity until approval had been obtained from plaintiff. Notwithstanding same, defendants continued with building operations, and the dwelling has now been substantially completed.

Plaintiff has filed the within equity action asking, inter alia, that defendants be enjoined from use of the residence until final approval by plaintiff is obtained and seeking an order decreeing the residence a nuisance and ordering defendants to abate the same.

In the preliminary objections filed by defendant Pleasant Valley Builders, Inc., it is argued that the two covenants are too vague and ambiguous to be capable of enforcement.

In our opinion in Holiday Pocono Civic Association, Inc. v. Benick, 6 Carbon 278 (1978), we recognized and applied the principle that the law does

not favor, but rather leans against, vitiation of contracts because of uncertainty. We observed that courts will, wherever possible, construe contracts so as to carry into effect the reasonable intentions of the parties if they can be ascertained. Id. at 284-285.

In Leh v. Burke, 231 Pa. Superior Ct. 98, 331 A. 2d 755 (1974), the Superior Court stated that:

" . . . [I]mprecision is not fatal to a covenant in a deed. . . . The rule is that if an agreement is not clearly expressed, an effort is made by the court interpreting the language to give effect to the intention of the parties as expressed at the time. 'Where the language of a deed or a restriction is not clear, then in order to ascertain the intention of the parties its language should be interpreted in the light of the subject matter, the apparent object or purpose of the parties, and the conditions existing when it was made.' "

Restrictive covenants imposing maximum height restrictions expressed in stories have been frequently upheld and enforced in a number of jurisdictions, although we have found no Pennsylvania decision directly on point: McDonough v. W. W. Snow Construction Co., Inc., 306 A. 2d 119 (1973); King v. Kugler, 17 Cal. Reptr. 504 (1961); Harley v. Zack, 217 Mich. 549, 187 N.W. 533 (1922); Metius v. Julio, 27 Md. App. 491, 342 A. 2d 348 (1975); See also annotation in 92 ALR 2d 878.

In McDonough v. W. W. Snow Construction Co., Inc., supra., the Supreme Court of Vermont enforced a restrictive covenant providing that: " 'All houses constructed . . . will be restricted in height to one story, and shall have a roof pitch not to exceed four and one-half inches in twelve inches.' "

The court held that the covenant was to be construed by reference to number of stories using grade as the reference point.

In King v. Kugler, supra., a California court, in rejecting defendants' argument that the phrase "one story in height" was too vague to be enforceable, commented as follows:

"Contrary to appellant's claim, we see nothing vague, ambiguous or uncertain in the meaning of the restrictive phrase 'one story in height,' or as to what was intended thereby. It does not appear, nor have appellants contended, that the words have a technical, special or peculiar meaning; they merely argue that to control the height the grantor 'should' have inserted a limit in feet and inches or other language from which the intended maximum height could have been inferred exactly. Therefore, the phrase is to be interpreted in its ordinary and popular sense rather than according to some strict legal or technical meaning." p. 507

In its brief, defendant relies upon Henry v. Eves, 306 Pa. 250, 159 Atl. 857 (1932), in support of their contention that the building height restriction is too vague to be enforceable. That decision involved a restriction providing that: "[N]o buildings except stables, coach houses, greenhouses or privies not exceeding two stories in height shall at any time hereafter be erected or built upon the rear ends of any of the aforesaid lots fronting on Howell Street." The court declined to enforce the covenant because it found it ambiguous and also because it found it to be obsolete in view of changes in the predominant character of the surrounding neighborhood. However, a careful reading of the opinion indicates that

the court did not consider as vague the phrase "exceeding two stories in height" but rather was concerned with the ambiguity of the verbiage "rear ends of any of the aforesaid lots." We find nothing inherently ambiguous or uncertain in the language of the covenant presented herein.

Defendant's second objection is that paragraph 9 of the deed restrictions which reserves to the developer the right of prior approval of a lot owner's plans and drawings prior to the commencement of construction is too broad and ambiguous to be enforced because it does not provide any guidelines or standards for the developer's approval or disapproval. This contention must also be rejected. In Harmon v. Burow, 263 Pa. 188, 106 Atl. 310 (1919), the court enforced a covenant providing that: " 'No structure of any kind shall be erected or permitted upon said premises or any part thereof, unless the plans for the same shall have been first submitted to and approved by [the grantor].' " Defendant's argument was also repudiated in Plymouth Woods Corp. v. Maxwell, 407 Pa. 539, 181 A. 2d 321 (1962), where the court observed:

" . . . [I]t is to be noted that while a restriction may not be invalidated because it specifies no standard whereby the reasonableness of the withholding of consent can be judged, it does not follow that the enforcement of this type of restriction in equity is a matter of right if the plaintiff attempts to enforce the covenant in a manner which results in more injury to the defendants than benefit to the plaintiff."

The reasonableness of the grantor's conduct in rejecting the submitted plans and capriciousness

or arbitrariness in connection therewith can always be subjected to judicial review. See Moyerman v. Glanzberg, 391 Pa. 387, 138 A. 2d 681 (1958).

For the foregoing reasons, we enter the following

### ORDER

And now, November 29, 1978, upon considerations of the within preliminary objections, it is hereby ordered and decreed that said objections be, and the same hereby are, dismissed, and defendants are granted leave to file an answer to plaintiff's complaint in equity within 20 days from the date hereof.