ESTATE OF Paul Arthur HOFFMAN
and Lois L. Hoffman, Appellants,

v.

Walter E. GOULD, Patricia V.
Gould, and Dawn Patricia
Gould, Appellees.

Superior Court of Pennsylvania.

Argued March 18, 1998.
Filed Aug. 3, 1998.

Stacey B. Chelak, Milford, for appellants.

John D. Michelin, Stroudsburg, for appellees.

Before CAVANAUGH, HUDOCK and HESTER, JJ.

HUDOCK, Judge:

The estate of Paul Arthur Hoffman and Lois L. Hoffman (collectively, Developers) appeal from the final decree of the trial court that found in favor of Walter E., Patricia V. and Dawn Patricia Gould (collectively, Owners) in the former's action seeking a permanent injunction. We reverse.

The facts and procedural history were ably summarized by the trial court as follows:

On May 13, 1993, [Owners] purchased two separate parcels of land located in Tobyhanna Township, Monroe County, Pennsylvania designated as Lots No. 216 and 305 on a map of Harvest Acres, a residential subdivision developed by [Developers]. All of the deeds in the subdivision, including those of [Owners], require submission of the plans and specifications to [Developers] for their approval before any building, alteration or addition can be attempted.

[Owners] entered into separate contracts for the construction of residences on both parcels of land with Vinay Homes, Inc. ("Vinay"). The contracts provided that Vinay would obtain all necessary permits and plan approvals from [Developers]. When Vinay offered plans which included vinyl siding, [Developers] objected. Vinay later submitted revised plans calling for wood siding as mandated by [Developers]. [Owners] were not aware of this dispute nor of the proposed change in plans.

Prior to [Owners] occupying their respective residences on the two separate lots, Vinay completed construction of the residences by placing vinyl siding on the exterior. After [Owners] occupancy of their homes, counsel for [Developers] wrote to [Owners], directing them to, "remove the vinyl siding and replace it with wood siding." [Owners] refused to comply citing the economic burden of complying with the request.

Although the deeds issued by [Developers] to [Owners] do not delineate any criteria or specific conditions for obtaining approval of construction plans, [Developers] sought injunctive relief to require [Owners] to comply with their preference of wood siding to vinyl siding as an exterior finish on dwellings in the development.

Trial Court Opinion, 9/18/97, at 1–3. The trial court denied Developers' request for an injunction and found in favor of Owners. This appeal followed.

Developers now raise the following issues on appeal:

1. Did the Lower Court commit an error of law by failing to address the theory that a principal is liable for the misrepresentations of the principal's agent made to a third party?

2. Did the Lower Court abuse its discretion by determining that [Owners'] violation of the restrictive covenant was unintentional and innocent when the record shows that [Owners'] agent intentionally violated the restrictive covenant and [Owners] themselves took a chance at violating the restrictive covenant?

3. Did the Lower Court commit an error of law by balancing the respective hardships the parties would endure in enforcement of the restrictive covenant?

4. Did the Lower Court commit an error of law by failing to address whether enforcement of the covenant would confer the benefit it was originally created to convey?

5. Did the Lower Court commit an error of law by failing to address the doctrine of promissory estoppel?

Appellants' Brief at 7. We need only address the third issue in order to resolve this appeal.

■ The standard of appellate review from a final decree in equity requires us to determine whether the trial court made an error of law or committed an abuse of discretion. *Gey v. Beck*, 390 Pa.Super. 317, 568 A.2d 672, 675 (1990). Further, "although the [trial court's] findings of fact have the force of a jury verdict and usually will not be disturbed on appeal, 'conclusions of law or fact, being derived from nothing more than the [trial court's] reasoning from underlying facts and not involving a determination of credibility of witnesses, are reviewable.'" *Id.* (quoting *Krosnar v. Schmidt Krosnar McNaughton Garrett Co.*, 282 Pa.Super. 526, 423 A.2d 370, 374 (1980)).

We disagree with the trial court's conclusion that Developers' rejection of Owners' plans was capricious and unreasonable. The trial court found the following:

In the case at bar, we conclude[ ] that [Developers'] refusal to approve the plans was both capricious and unreasonable in view of the obvious compatibility of the exterior of [Owners'] residences with other dwellings in the development. Photographs of all the homes in the development were introduced at trial and we concluded as a finder of fact that the exterior of [Owners'] residences were both compatible and in some cases more attractive than the exterior of other residences in [Developers'] development.

Trial Court Opinion, at 4.

■ Restrictive covenants which restrict the erection or use of buildings or other

structures are lawful and enforceable. *Rieck v. Virginia Manor Company*, 251 Pa.Super. 59, 380 A.2d 375, 377 (1977). However, such restrictions are not favored by the law because they are an interference with an owner's free and full enjoyment of his property. Therefore, they are to be strictly construed. *Burns v. Baumgardner*, 303 Pa.Super. 85, 449 A.2d 590, 592 (1982). However, we must also construe such covenants so as to give effect to the intention of the parties as ascertained from consideration of the surrounding circumstances, the parties' situation, the objects they apparently had in view, and the nature of the subject matter. *Lynch v. Urban Redevelopment Authority of Pittsburgh*, 91 Pa.Cmwlth. 260, 496 A.2d 1331, 1334 (1985).

The Pennsylvania Supreme Court has held that a covenant which requires the approval of plans and specifications for a dwelling by a developer before construction may begin in a plan is valid and enforceable. *Harmon v. Burow*, 263 Pa. 188, 106 A. 310 (1919). Such a covenant is a contract made by the parties that runs with the land; its evident purpose is to add to the desirability and value of the lots in the plan and protect all the purchasers of said lots. *Id.* 106 A. at 310–11. In *Harmon*, the Court found that a contract not to erect any structure without the approval of the grantor was a lawful contract that inures to the benefit of other lot owners in the plan including the developer. *Id.* 106 A. at 311. Where the refusal of the developer to approve the builder's plan was not a capricious or unreasonable act in view of the circumstances and evident purpose of the restrictive covenant, the builder was bound by the terms of the covenant; "[t]he question of reasonableness in the exercise of the right to approve or disapprove is not involved." *Id.* at 310–11.

In this case, Lois Hoffman testified that she and her husband have required wood siding on all homes in the development since they created Harvest Acres in 1975. N.T., 6/9/97, at 15. Prior to rejecting Owners' plans that included vinyl siding, Developers rejected the plans of three other purchasers because they did not include wood siding. Subsequent to rejecting Owners' plans, Developers also rejected another set of plans

for the same reason. Moreover, Hoffman testified that she would continue to require wood in the future, as well. *Id.* at 27. Developers require wood siding because they consider wood to have a better appearance than other types of siding. We cannot agree that such a requirement is a mere "aesthetic whim." Owners' and the trial court's contradictory opinion on the attractiveness of vinyl siding does not make Developers' opinion capricious and unreasonable. Accordingly, the trial court in the present case erred in finding Developers' rejection of Owners' plans arbitrary and unreasonable.

As additional support for this conclusion, we note that this Court has upheld a restrictive covenant placed by a developer prohibiting installation or use of alternative methods of sewage disposal unless approved by a committee in writing. *Dreher Township Board v. Solitron Development Co., Inc.*, 333 Pa.Super. 33, 481 A.2d 1207 (1984). This covenant was enforceable by a property owners' association in favor of developing a central sewage system for the area. *Id.*

Just as the requiring of approval for an alternative sewage system was found not to be unreasonable in *Dreher*, we conclude that Developers' desire to maintain a neighborhood with similar physical attributes is not capricious and unreasonable. *See also McWilliams v. Luria*, 407 Pa. 632, 182 A.2d 748 (1962) (wherein a clause in a deed that required the buyer to have building plans and specifications approved by owner before construction was enforceable); *Lewis Manor Land Company v. Long*, 106 P.L.J. 381, 17 Pa. D. & C.2d 431 (Com.Pl.1958) (holding that where a restrictive covenant in a deed provided that no building could be erected until the plans had been submitted to the grantor's architect for approval and the architect disapproved the plans in good faith, the covenant was not satisfied and the owner of the lot had no right to build a house in accordance with the plans submitted).

Decree reversed. The case is remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.