Pellegrene *v.* Luther, Appellant.

Argued November 23, 1960. Before BELL, MUSMAN-NO, JONES, COHEN, BOK and EAGEN, JJ.

reargu-ment refused April 25, 1961.

*Earl R. Handler,* with him *William M. Ruddock,* and *Fisher, Ruddock & Simpson,* and *Handler & Malcolm,* for appellants.

*Donald M. Miller,* with him *Miller, Buterbaugh and Cope,* for appellee.

OPINION BY MR. JUSTICE BELL, March 28, 1961:

Plaintiff recovered a verdict for $13,572.81, based upon an alleged *oral* contract for the construction of defendants' house, i.e., the cost of the labor and materials plus the sum of $500. Plaintiff testified that the parties agreed to cancel a written contract under the terms of which plaintiff agreed to build the house for $20,500 and to substitute the above mentioned oral contract. Defendant-husband vigorously denied any oral contract as well as plaintiff's other material evidence, and counterclaimed for damages resulting from plaintiff's breach of his written contract. A witness testified that defendant-husband admitted he owed plaintiff some money for the work on his house. If the weight of the evidence was the only question involved, the appeal could be dismissed without further discussion. However, the appeal raises material questions and alleges numerous errors concerning the parol evidence rule which was apparently misunderstood by everyone.

Plaintiff not only introduced in evidence the written contract and the attached specifications,* but he likewise proved (a) all the negotiations which led up to the written contract, and (b) a parol agreement entered into by the parties which was at complete variance with the *subsequent* written contract.

The modern Pennsylvania parol evidence rule which dispelled the thick fog of confusion which en-

---

* The specifications were unsigned but were relied upon by both parties.

veloped the old Pennsylvania parol evidence rule, has been forged and perfected during the last 30 years. That rule, it is universally agreed, is as stated in *Bardwell v. The Willis Company*, 375 Pa. 503, 100 A. 2d 102. In that case plaintiff brought an action in trespass for loss of profits suffered as a result of false and fraudulent material representations made by defendants immediately prior to or contemporaneous with the execution of the five year lease. Plaintiff further averred that he relied upon these fraudulent representations and was, because of them, induced to enter into the lease. Notwithstanding these averments, this Court sustained a demurrer by defendant and said (pages 506-507) : "Where the alleged prior or contemporaneous oral representations or agreements concern a subject which is specifically dealt with in the written contract, and the written contract covers or purports to cover the entire agreement of the parties, the law is now clearly and well settled that in the absence of fraud, accident or mistake the alleged oral representations or agreements are merged in or superseded by the subsequent written contract, and parol evidence to vary, modify or supersede the written contract is inadmissible in evidence [unless it is averred and proved that they were omitted from the written agreement by fraud, accident or mutual mistake] : Phillips Gas and Oil Co. v. Kline, 368 Pa. 516, 519, 84 A. 2d 301; Grubb v. Rockey, 366 Pa. 592, 79 A. 2d 255; Walker v. Saricks, 360 Pa. 594, 63 A. 2d 9; Gianni v. Russell & Co., Inc., 281 Pa. 320, 126 A. 791; Speier v. Michelson, 303 Pa. 66, 154 A. 127; O'Brien v. O'Brien, 362 Pa. 66, 66 A. 2d 309; Russell v. Sickles, 306 Pa. 586, 160 A. 610.

"The Parol Evidence Rule has had a checkered career in Pennsylvania. Now that it has been well and wisely settled we will not permit it to be evaded and undermined by such tactics. . . ."

It is clear that if plaintiff had sued on this alleged first oral agreement or on the subsequent written contract, the evidence would have been both inadmissible and futile. Plaintiff did not aver that the written contract to build the house for $20,500 was entered into, or that anything was omitted from the written agreement by fraud, accident or mistake.

Defendants erroneously contend that when parties enter into a complete written agreement, that written agreement cannot be changed by a subsequent oral agreement. The law is well settled that a written agreement can be modified by a subsequent oral agreement provided the latter is based upon a valid consideration and is proved by evidence which is clear, precise and convincing:* *Betterman v. American Stores Co.*, 367 Pa. 193, 80 A. 2d 66; *Elliott-Lewis Corp. v. York-Shipley, Inc.*, 372 Pa. 346, 94 A. 2d 47; *Dora v. Dora*, 392 Pa. 433, 141 A. 2d 587; *National Bank of Fayette County v. Valentich*, 343 Pa. 132, 22 A. 2d 724.

In *Elliott-Lewis Corp. v. York-Shipley, Inc.*, 372 Pa., supra, the Court said (pages 349-350) : "The Parol Evidence Rule which prohibits the admission of oral evidence to vary or contradict a written contract does not apply to or prohibit a subsequent modification by parol; it applies only to prior or contemporaneous statements or agreements which induced the written agreement in question. Grubb v. Rockey, 366 Pa. 592, 79 A. 2d 255. Such oral statements, representations, warranties or agreements are excluded because they have either been abandoned, or merged into and superseded by the written agreement. Walker v. Saricks, 360 Pa. 594, 63 A. 2d 9. However, it is well settled that a written agreement may be modi-

---

* Unless the modification conflicts with the law or public policy.

fied by a subsequent (written or) oral agreement and that this modification may be shown by writings or by words or by conduct or by all three: [Citing cases]."

The oral contract which modifies or changes or cancels a prior written contract must be proved by evidence which is clear, precise and convincing: *Herr Estate*, 400 Pa. 90, 161 A. 2d 32; *Betterman v. American Stores Co.*, 367 Pa. 193, 80 A. 2d 66; *Stoner v. Sley System Garages*, 353 Pa. 532, 46 A. 2d 172; *Knight v. Gulf Refining Co.*, 311 Pa. 357, 166 A. 880; *Quarture v. Allegheny County*, 141 Pa. Superior Ct. 356, 14 A. 2d 575.

While plaintiff's evidence to establish the subsequent oral contract left a great deal to be desired, we cannot say that it was not sufficient to take the case to the jury.

Evidence of the negotiations leading up to the written contract and the alleged prior oral agreement under which defendants allegedly agreed to pay plaintiff for all the labor and material of the house, plus $500—and thus varied and flew in the teeth of the subsequent written contract—was clearly inadmissible. To hold otherwise would merely allow a new and easy device to avoid the parol evidence rule and nullify the integrity and effectiveness of written contracts, which we have vigorously asserted we intend to maintain. However, defendants never objected to this evidence either when it was offered or at the conclusion of the court's charge thereon, in spite of the trial Judge's inquiry "is there anything else", to which both counsel indicated there was nothing further. Furthermore, defendants never objected to this evidence in the reasons given by them in their motion for a new trial. The inadmissibility of the evidence was therefore waived. *Bell v. Yellow Cab Co.*, 399 Pa. 332,

160 A. 2d 437; *Keefer v. Byers,* 398 Pa. 447, 159 A. 2d 477.

Defendants counterclaimed for $3,765.58 for the additional amount which they were compelled to pay to complete the house when plaintiff failed to complete it and breached his written contract. The jury did not return any verdict on the counterclaim as it should have, but this was cured by defendants' silence and more particularly because the jury's finding of a verdict in favor of Pellegrene against Luther for $13,578.81 with interest necessarily and clearly disposed of Luthers' counterclaim.

Judgment affirmed.

Mr. Justice COHEN dissents.