McWilliams, Appellant, *v.* Luria.

Argued April 25, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Benjamin T. Hopkins, II,* with him *Robert L. Trescher,* for appellants.

*Bernard M. Borish,* with him *Seymour Kurland, Maxwell Strawbridge,* and *Wolf, Block, Schorr and Solis-Cohen,* for appellee.

Opinion by Mr. Chief Justice Bell, June 28, 1962:

Plaintiff brought an action in equity to enjoin the erection of a second building upon a tract of land which defendant had purchased from Mary E. McWilliams.

On April 15, 1959, the nominees of the parties entered into an agreement of sale for a tract of 1.1 acres on the south side of Presidential Boulevard North in Lower Merion Township, Montgomery County, Pa. The Agreement provided, inter alia:

"12.    Buyer agrees to improve the site with *an*\* office building; final plans and specifications for said building to be subject to the approval of the Owner, which approval shall not be unreasonably withheld."

On July 13, 1959, the property was conveyed to the defendant and on July 22, 1959, she applied for a building permit to erect an office building on the property in accordance with a plan which had been approved by the plaintiffs. The permit was granted and the building has been erected.

On January 3, 1961, defendant filed a plan for subdividing her tract. This plan was withdrawn because it would require a special exception. Thereafter, a new subdivision plan was filed which was approved by the municipal authorities, and defendant filed a new application for a building permit to erect a second building upon the aforesaid 1.1 acre tract. This permit was also granted by the township. Thereupon plaintiffs brought the present equitable action.

Plaintiffs at the trial of this suit asked one of their witnesses "What was your discussion with Mr. Strouse?"\*\* Defendant's objection to this was sustained. Plaintiffs then offered to prove that prior to the written Agreement the parties intended the word "an" to mean "only one" office building and that

---

\* Italics, ours.

\*\* Real estate agent for buyer.

throughout the negotiations for a sale of the property —as well as in the written Agreement itself—that was the intention of the parties as shown by their conversations and by certain correspondence which we note, parenthetically, did not support plaintiffs' contentions. The offer of proof was rejected by the Court and this is the basis for the appeal.

The Chancellor filed an adjudication and decree nisi in which he dismissed plaintiffs' complaint and ordered judgment to be entered for the defendant. Plaintiffs filed no exceptions to the Chancellor's findings of fact, but excepted to his conclusions of law and to the Court's Order and Decree.

If the parties had intended to limit the land to one office building it would have been very easy to have used the word "one". The Agreement contains no such restriction, nor any affirmative promise by the buyer to build only one office building. The fact that the buyer originally built an office building in compliance with the Agreement of Sale does not prove that the Agreement restricted buyer to only one office building or compelled her to erect on the land only one office building. Since the defendant-appellee agreed to improve the site with an office building which met with the approval of the plaintiffs-appellants, the obligation imposed by that provision of the contract has been complied with and ceases to have any further force and effect. To attempt to interpret the provision of the agreement as a perpetual covenant running with the land would impose restrictions on the future use of the land and impinge upon its alienability. Clear and explicit language is required to impose such a restriction.

Moreover, the Agreement provides: "This agreement contains the whole agreement between the Seller and Buyer and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever." We note

parenthetically, that this contention of plaintiffs would make this clause meaningless, and consequently such contention is devoid of merit: *Bardwell v. The Willis Company*, 375 Pa. 503, 508, 100 A. 2d 102.

It is difficult to understand, in view of the Parol Evidence Rule, how plaintiffs could be entitled to prove oral conversations or understandings which preceded the written agreement and thereby alter and vary the written Agreement as to one of the subjects provided for therein. To admit such evidence would make a mockery of the Parol Evidence Rule, as well as of the above mentioned clause of this Agreement.

Plaintiffs next contend that the evidence should have been admitted under the well established rule that parol evidence is admissible—not to vary, alter, contradict or add to, but—to aid in the interpretation of the language of a written contract whenever the language is ambiguous or not clear: *Foulke v. Miller*, 381 Pa. 587, 593, 112 A. 2d 124.

Defendant, on the other hand, contends that the written Agreement is clear and unambiguous and that the plaintiffs are in reality attempting to reform, alter and change the contract by substituting the words "only one office building" for the words "an office building".

Plaintiffs' contention is devoid of merit. There is no ambiguity in the written Agreement of Sale. Plaintiffs' construction of the Agreement is erroneous and unjustifiable, and evidence of the alleged prior negotiations or understandings or oral agreements, flies in the teeth of the Parol Evidence Rule and was clearly inadmissible: *Pellegrene v. Luther*, 403 Pa. 212, 169 A. 2d 298; *Bardwell v. The Willis Company*, 375 Pa., supra; *Caplan v. Saltzman*, 407 Pa. 250, 180 A. 2d 240, and cases cited therein.

Decree affirmed; costs to be paid by appellants.

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

The question involved in this case is not one of law but of simple knowledge of words. Can "an" ever mean more than one? I do not see how it can, unless all the dictionaries are wrong, common usage is incorrect and the grammar books in this country are perpetrating a hoax on students of the English language.

The simplest illustration should prove the fallacy of the decision of the Court in this case. No one would say, for instance, an apples, an oranges, an ants, an albatrosses, an Algerians, or, the phrase involved in this case, an office buildings.

The agreement between the plaintiffs and defendants carries this paragraph: "Buyer agrees to improve the site with an office *building;* final plans and specifications for said *building* to be subject to the approval of the Owner, which approval shall not be unreasonably withheld."*

The Majority of this Court do not deny that the plaintiff had the right to limit the number of buildings which might be constructed on the land; they say that by the language employed, the plaintiffs did not promise to limit construction to one office building.

The Majority Opinion says: "If the parties had intended to limit the land to one office building it would have been very easy to have used the word 'one'. The Agreement contains no such restriction, nor any affirmative promise by the buyer to build only one office building. The fact that the buyer originally built an office building in compliance with the Agreement of Sale does not prove that the Agreement restricted buyer to only one office building or compelled her to erect on the land only one office building."

But this statement overlooks the exact phraseology of the Agreement. It not only says that the defendant

---

* Italics mine, throughout.

is to improve the site with *an* office building, but it goes on to say that the "final plans and specifications for said *building*" are "to be subject to the approval of the Owner." Here again we see the singular—"said *building*."

Just as the Majority Opinion says that if the parties intended to limit the construction to one building they could have said so, it may be said also that if the parties intended to allow the construction of one more building they could have said: "one or *more buildings*."

I believe that the plaintiffs blundered in asking to be allowed to prove by parol testimony that the parties in their conversations intended the word "an" to mean only one. The plaintiffs did not need parol testimony to prove what was plainly written in the Agreement. They should have demanded that the defendants show that by "an", the parties meant more than one. Then they, the plaintiffs, could have insisted on strict application of the parol evidence rule.

The plaintiffs should have stood their ground, planted squarely on the dictionaries of the land, the language of the United States, the usage of Americans. They should have demanded that the defendant produce one instance, only one, where "an" has ever meant more than one.

Nevertheless, I believe that the lower Court rendered an improper decision and that this Court in affirming that fallacious decision, committed *an* error, produced *an* inaccuracy, perpetrated *an* orthographical illusion, all of which will serve as *an* unreliable precedent.

Mr. Justice Benjamin R. Jones joins in this dissenting opinion.