## Inwood Knitting Mill Co., Inc., v. Budge Manufacturing Co., Inc.

*Wexler, Mulder & Weisman*, for plaintiff.
*Klovsky & Kuby*, for defendant.

GOLD, P. J., October 15, 1962.—Defendant signed a contract which states that it included all of the agreements between the parties, and that no change, modification or waiver of its provisions would be binding unless reduced to writing and signed by both parties. Under the parol evidence rule, alleged prior or contemporaneous oral agreements concerning a subject covered in a written contract will not be permitted to vary, modify or supersede the terms of that contract: Pellegrene v. Luther, 403 Pa. 212 (1961). The written contract here in issue specifically waives the warranty of color fastness upon which defendant's counterclaim is based. Therefore, the counterclaim's standing, if any exists, must arise from the dealings between the parties subsequent to the signing of the contract.

The parol evidence rule does not prohibit subsequent oral modification of a written contract: Pellegrene, supra. However, the law in this regard has been changed by section 2-209(2) of the Uniform Commercial Code, which excludes modification of a signed agreement except by a signed writing. The terms included in such a contract cannot be modified other than as the contract specifies and a fortiori would exclude a subsequent parol agreement.

The official comment to this section states that subsection (2) is intended to protect against false allegations of oral modifications and permits the parties, in effect, to make their own statute of frauds as regards any future modification.

Without more, the above considerations would clearly dictate that we sustain the preliminary objections. However, at this juncture, a doubt arises as to the construction and effect of section 2-209(4) of the code, which provides that, although an attempt at modification does not satisfy the requirements of sub-section (2), it can operate as a waiver. The official comment to subsection (4) states that the provision is intended

to prevent contractual provisions excluding modification except by a signed writing from limiting in other respects the legal effect of the parties' actual later conduct. Since there are no cases on point construing subsection (4) and since preliminary objections in the nature of a demurrer should be sustained only in a clear case, the preliminary objections are dismissed: Gardner v. Allegheny County, 382 Pa. 88 (1955). Plaintiff to file his answer within 20 days.