J-A26018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM SCHLUTH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISHAVTAR, INC. AND BAKRUSHNA | : | |
| PANCHAL | : | |
| | : | No. 745 EDA 2021 |
| Appellants | : | |

Appeal from the Order Entered March 8, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  June Term, 2017 No. 2871

| | | |
|---|---|---|
| WILLIAM SCHLUTH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KRISHAVTAR, INC. | : | |
| | : | |
| Appellant | : | No. 746 EDA 2021 |

Appeal from the Order Entered March 8, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  June Term, 2017 No. 3382

BEFORE:  BOWES, J., STABILE, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 9, 2022**

This contract dispute case returns following our remand to the Court of

Common Pleas of Philadelphia County with instruction to (a) determine if there

was a modification of payment terms of a Note and Mortgage and (b) enter

an amount of damages consistent with those findings.[1] The trial court complied and entered its order on March 8, 2021. Krishavtar, Inc. ("Krishavtar") and Barkrushna Panchal ("Panchal") (together "Appellants"), filed the instant appeal from that order, contending the trial court erred in concluding there was no modification and in awarding damages to Appellee, William Schluth ("Schluth"), in the amount of $92,616.09.

By way of background, the trial court's findings of fact following the parties' 2018 bench trial reveal that Schluth owned a gasoline service station in Philadelphia for 24 years. In 2008, Panchal, president of Krishavtar, approached Schluth, asking whether the gas station was for sale. Although Panchal had no experience operating a gas station, he was interested in doing so as part of his retirement. Findings of Fact, 3/13/19, at 3.

On September 4, 2008, the parties entered into an agreement of sale for the gas station and the property on which it was located. Under terms of the agreement, Krishavtar agreed to pay $695,000, with $136,000 to be paid at the time of the agreement and installment payments totaling $559,000 to be paid over 83 months. A final payment would cover the remaining balance of the principal and interest, calculated at an annual rate of 6.75%. *Id.* at 4. Essentially, Schluth represented that there was no environmental

---

[1] *See Schluth v. Krishavtar, Inc.*, Nos. 2013 and 2014 EDA 2019, unpublished memorandum at 30 (Pa. Super. filed June 30, 2020), *appeal denied*, 242 A.3d 1249 (Pa. 2020).

contamination on the property. However, in the course of a due diligence review, testing disclosed contamination that requiring remediation. ***Id.*** Initial projections anticipated remediation at a cost of approximately $50,000 over a two-year period. Krishavtar opted to proceed with the purchase if Schluth agreed to pay for remediation. Schluth agreed, believing the cost would be $50,000, an amount that was escrowed for that purpose. ***Id.*** at 5.[2]

Ultimately, it was determined that the scope, time frame, and cost of remediation greatly exceeded initial projections. After Panchal threatened to withhold mortgage payments,[3] the parties discussed a proposed amendment to the Note and Mortgage with a lower interest rate and an extended term, with monthly payments reduced from $4,250.43 to $3,022.41. Schluth's counsel sent modification documents to Panchal. Although Panchal never signed the documents, in May 2015 he began making monthly payments in the proposed reduced amount of $3,022.41, after not making any payment for the previous two months. ***Id.*** at 12.

---

[2] "On April 9, 2009, Schluth and Krishavtar entered into an Amendment to the 2008 Agreement (Amendment), Environmental Escrow Agreement, Mortgage and Note. Panchal signed a personal Guaranty." ***See Schluth, supra***, at 4.

[3] As this Court observed, the firm retained to conduct environmental testing undertook remediation activities that spanned several years. ***See Schluth, supra***, at 2-12. In January 2015, "Panchal notified Schluth that he was withholding Krishavtar's mortgage payment based on the departure from the two-year completion requirement for the site cleanup until Schluth provided him with 'satisfactory environmental clearances' from the [Pennsylvania Department of Environmental Protection (PADEP)]." ***Id.*** at 12.

In 2017, counsel for Schluth sent a letter to Appellants, putting them on notice pursuant to the Note and Mortgage that they were in default. The balloon payment had become due and Appellants had failed to make three monthly payments in a row. *Id.* at 14.

Under the terms of the Mortgage, Schluth was entitled to receive payments in accordance with the Note, including interest at an annual rate of 6.75% and late payments of 5%. Under the terms of the Mortgage, Schluth was also entitled to legal fees totaling 5% of the outstanding sum due. *Id.* at 15. Following a bench trial conducted in December 2018, the trial court determined that Schluth suffered damages totaling $555,942.96, representing the principal balance of $453,211.26 plus late charges, interest, and legal fees. *Id.*

In its conclusions of law, the court found Krishavtar breached the contract when it failed to make the final balloon payment upon receipt of an early-2017 approval letter from PADEP. *Id.* at 15-16. Further, Panchal breached his guaranty contract by failing to make the payments when Krishavtar defaulted on the Mortgage. *Id.* at 17. As a result of the breaches by Krishavtar and Panchal, Schluth suffered damages. *Id.* at 15-20.

Appellants filed an appeal to this Court from the trial court's March 2019 judgment entered in favor of Schluth. This Court affirmed in part but vacated the damages award and remanded because the trial court failed to address whether the parties modified the terms of the Note and Mortgage. The Court

instructed the trial court "to make factual findings whether the parties modified the payment terms under the Note and Mortgage and enter an amount of damages consistent with those findings." *Schluth, supra*, at 30.

On remand, the trial court directed the parties to submit proposed findings of fact and conclusions of law. Based on its review of the submissions, as well as the testimony and evidence presented at the December 2018 bench trial, the trial court issued its findings of fact and conclusions of law. Findings of Fact and Conclusions of Law, 3/8/21. The trial court concluded that there was no modification of the contract and that Schluth incurred damages in the amount of $92,616.09. The court directed that judgment be entered in favor of Schluth and against Appellants, jointly and severally, in that amount. Order, 3/8/21, at 1. This timely appeal followed.

Appellants ask us to consider two issues in this appeal:

1. Whether the trial court erred in finding the payment terms of the contract were not modified based upon the parties' conduct.

2. Whether the lower court err[ed] in calculating Appellee's damages when sufficient proofs were presented that Appellants did not owe any money as a result of the putative breach of contract.

Appellants' Brief at 4.

In *Stephan v. Waldron Elec. Hearing & Cooling LLC*, 100 A.3d 660 (Pa. Super. 2014), this Court reiterated:

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed

error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner.

*Id.* at 664 (quoting ***Wyatt, Inc. v. Citizens Bank of Pennsylvania***, 976 A.2d 557, 564 (Pa. Super. 2009) (internal citations omitted)). "We will respect a trial court's findings with regard to the credibility and weight of the evidence unless the appellant can show that the court's determination was manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence." ***J.J. DeLuca Co., Inc. v. Toll Naval Assoc.***, 56 A.3d 402, 410 (Pa. Super. 2012) (quoting ***Ecksel v. Orleans Const. Co.***, 519 A.2d 1021, 1028 (Pa. Super. 1987) (citation omitted)). Further:

We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue . . . concerns a question of law, our scope of review is plenary.

***Stephan***, 100 A.3d at 664-65 (quoting ***Wyatt***, 976 A.2d at 564).

Here, the trial court was charged with determining whether the parties modified the payment terms under the Note and Mortgage. While Appellants argue the contract was modified, they do not suggest that it was modified in writing. Appellants correctly recognize that "a written contract not for the sale of goods may be modified orally, even when the written agreement provides that modifications may only be in writing." Appellants' Brief at 24 (citing ***Somerset Comm. Hosp. v. Allen B. Mitchell & Assoc., Inc.***, 685 A.2d 141, 146 (Pa. Super. 1996)). ***See also Accu-Weather, Inc. v. Prospect***

*Communication, Inc.*, 644 A.2d 1251, 1255 (Pa. Super. 1994), ("agreement prohibiting non-written modification may be modified by a subsequent oral agreement if the parties' conduct clearly shows an intent to waive the requirement that amendments be in writing"). However, it is established that an oral contract modifying a prior written contract "must be proved by clear, precise and convincing evidence." *Somerset Comm. Hosp.*, 685 A.2d at 146 (citing *Pellegrene v. Luther*, 169 A.2d 298, 300 (Pa. 1961)).

Appellants submit that "[t]he changes were memorialized via a course of conduct of Appellee accepting lesser payment amounts." Appellants' Brief at 20. We are mindful that "[w]hether the parties' conduct evidenced the intent to orally modify a written contract is a question of fact to be determined by the fact-finder." *Schluth, supra*, at 29 (citing *Accu-Weather*, 644 A.2d at 1255 n. 5).

In its findings of fact issued following remand, the trial court acknowledged that the parties discussed modifying their written contract, but also recognized that Panchal refused to sign the modification documents. Findings of Fact, 3/8/21, at ¶¶ 4-5. The court noted that Schluth was willing to permit the modifications, based on Panchal's complaints that business was not going well. *Id.* at ¶ 6. Despite Panchal's failure to sign the modification documents, Panchal remitted payment in May 2015 in the amount proposed in the modification documents, after not making any payments for March or April 2015. *Id.* at ¶ 8. While Appellants argue that Schluth's acceptance of

the reduced May 2015 payment, as well as subsequent reduced monthly payments, constitutes evidence of a modification of the contract, the trial court determined that Schluth "accepted the aforementioned checks due, in part, out of necessity to timely make bill payments, while still complaining to Panchal that the modifications were never formally executed and that the payments should have been in the original amount[.]" *Id.* at ¶ 8. The court further found that Schluth "did not intend to modify the agreement by accepting a lesser amount of payment and was not willing for forego collection of the remaining total due of each payment, including any future payments." *Id.* at ¶ 9 (citing Notes of Testimony, 12/5/18, at 196-97).[4]

With regard to the trial court's findings of fact, Schluth contends that Appellants "are attacking the trial court's findings of fact, but they have not even alleged that the facts are not supported by the record. Instead, they argue *their* interpretation of the facts and insert allegations of 'fact' not of record. This cannot be a basis for reversing the trial court." Appellee's Brief at 12 (emphasis in original). We agree. Despite Appellants' protestations to

---

[4] Schluth's Trial Exhibit 15 reflected payments made by Panchal. The exhibit documented that no payments were made in March or April of 2015; that Panchal made payments in the lower amount of $3,022.41 from May 2015 until February 2017; and that Schluth kept a running total of the balance owed based on the difference between the payments made and payments required under the Mortgage. *See* Notes of Testimony, 12/5/18, at 196-97. In addition, the exhibit included the amortization schedule reflecting that the amount of the balloon payment would be $426,194.82. Schluth testified that no other amortization schedule was agreed to. *Id.* at 197-98.

the contrary, we find that the trial court's factual findings are supported by competent evidence of record.

In its conclusions of law, the court determined that there was no binding agreement to modify the payments and that Appellants failed to prove by clear and convincing evidence that a modification occurred. Conclusions of Law, 3/8/21, at ¶¶ 1-2 (citing **Accu-Weather**, 664 A.2d at 1255; **Brinich v. Jencka**, 757 A.2d 388, 399 (Pa. Super. 2000)). Appellants assert that a modification was established by the parties' course of conduct from March 2015 through February 2017. Appellants' Brief at 26. The court rejected Appellants' assertion, finding that "[Schluth's] acceptance of partial payments did not constitute a willingness to forgo collection of the remaining amount due of each payment and an intention to modify the agreement." Conclusions of Law, 3/8/21, at ¶ 3. Importantly, the court concluded the evidence established that Appellants "refused the condition proposed by [Schluth]—the release of environmental responsibility—in exchange for payment modification." **Id.** The court determined that none of Schluth's actions constituted "clear and convincing evidence that, by accepting reduced payments, he intended to modify the Note and Mortgage." **Id.** at ¶ 4. Nor did Schluth's receipt and deposit of the monthly checks "constitute an oral modification or any other kind of modification by action of the Note." **Id.** at ¶ 5.

We find no error of law in the trial court's conclusion that the payment terms of the contract were not modified by virtue of the conduct of the parties.[5] Because the trial court's findings of fact are supported by competent evidence and those findings are not premised on any error of law, Appellants' first issue fails.

In their second issue, Appellants argue that the trial court erred in calculating damages because Schluth failed to provide sufficient proof that Appellants owed him any money for breaching the contract. As reflected above, the trial court was charged with entering an amount of damages on remand consistent with its findings on the modification—or lack thereof—of the payment terms under the Note and Mortgage.

The trial court set forth the components of its damages award, arriving at an award in the amount of $612,878.93 on Schluth's claims for breach of the Note. Trial Court Award, 3/8/21, at ¶¶ 1-3. The court then reduced the

---

[5] As Schluth correctly observes,

> the trial court did not improperly analyze any law and [Appellants] do not even assert on appeal any law which they contend was improperly applied. The court was not required on remand to make a legal determination such as the interpretation of a contract, but . . . was asked to make findings of fact and conclusions of law as to whether the evidence presented at trial was, in essence, clear and convincing evidence of an oral modification of the terms of the Note. The court concluded it was not.

Appellee's Brief at 14 (emphasis in original).

- 10 -

amount of the award to reflect the net sum of $509,090.92 received by Schluth following a sheriff's sale and a subsequent private sale and also to reflect an adjustment of the interest calculations, taking the sale into consideration. *Id.* at ¶ 4. The court arrived at a total damages award in the amount of $92,616.09. *Id.*

Appellants dispute the calculations, in part based on the proposed 2015 loan documents that were not executed and in part based on IRS filings that were not presented at trial. Appellants' Brief at 26-32. Appellants also suggest that the value of the property was more than the amount for which it sold, *id.* at 32-34, despite the lack of any such evidence presented at trial. Schluth counters that "Appellants have offered nothing to this Court to establish that the trial court committed reversible error in its calculation." Appellee's Brief at 16. We agree. We find that the court properly considered the terms of the Note and Mortgage as well as Schluth's purchase of the property at sheriff's sale and his subsequent sale of the property. As Schluth submits, "Simply put, as it was directed to do, the trial court found that there was no oral modification and then applied the 6¾% Note interest." *Id.* at 16. We find no basis for disturbing the court's award. Appellants' second issue fails for lack of merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/09/2022